IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MORGAN BURTON, JR., #185 425, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:18-CV-93-WHA |
| ) | [WO] |
| WARDEN JOHN CROW, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Staton Correctional Facility in Elmore, Alabama, filed this 42 U.S.C. § 1983 on February 6, 2018. He alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and actions of Defendants regarding his state criminal court proceedings before the Circuit Court for Lee County, Alabama in October of 2012. Plaintiff names as defendants Warden John Crow; the Honorable Jacob Walker, III; former District Attorney Robert Treese; Assistant District Attorney Jessica Venitere; Lauryn Lauderdale, Esq.; Toney Amerson, and Richard Converse. Plaintiff requests injunctive relief. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] Plaintiff sought leave to proceed *in forma pauperis*. Doc. 2. The court granted Plaintiff *in forma pauperis* status except to the extent he was required to pay an initial partial filing fee. Doc. 6. Plaintiff filed the requisite initial partial filing fee on May 14, 2018. Doc. 10. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

A.   **Claims Barred by the Statute of Limitations**

According to the complaint, the date on which the violations about which Plaintiff complains occurred between October 23 and 24, 2012. Doc. 1 at 2. While the allegations asserted by Plaintiff are generalized and conclusory, to the extent he seeks to challenge the legality of his 2012 criminal trial proceedings before the Circuit Court for Lee County, the court takes judicial notice of his criminal case's consolidated case action summary on the Alabama Trial Court System (hosted at www.alacourt.com), which reflects that a jury convicted Plaintiff of second degree rape on October 24, 2012. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201). On December 11, 2012, the trial court sentenced Plaintiff, as an habitual offender, to 21 years' imprisonment. Based on the foregoing, Plaintiff's complaint is filed outside the statute of limitations applicable to actions filed by an inmate under 42 U.S.C. § 1983.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (Jones II).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). When Plaintiff filed this suit, the statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*,

2

956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Although the state statute of limitations applies, the time of accrual is a federal question. *See Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). The running of the statute of limitations begins when Plaintiff knows or has reason to know of her injury. *Id*.

Here, Plaintiff should have known of his injury by October 24, 2012, when a jury convicted him for second degree rape. Because Plaintiff failed to file this action until over two years after this time, the statute of limitations now bars consideration of his claims. Plaintiff's complaint against the named defendants is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

**B.     The Challenge to Plaintiff's Conviction**

If Plaintiff seeks to challenge the validity of his second degree rape conviction and/or the sentence imposed upon him by the Circuit Court for Lee County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the

3

exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id.* at 481. The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, … that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 …" unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. The Court determined this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] … that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not

4

exhaustion."). Consequently, to the extent the claims presented by Plaintiff seek to challenge the constitutionality of his state court conviction and/or sentence, such claims are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims challenging events which occurred on or before October 24, 2012, be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint regarding these allegations within the time prescribed by the statute of limitations;

2. Plaintiff's challenge to the constitutionality of his 2012 conviction and/or sentence imposed upon him by the Circuit Court for Lee County, Alabama, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

It is further ORDERED that **on or before July 30, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 16th day of July, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge